Johnson, J.
The only question of law arising out of the motion is, whether the plaintiff can maintain an action on a bond given by the defendant to his intestate in the character of the executor of Jacob Rentz ?
It may be admitted, and such clearly is the law, that there is no privity between the administrator of an executor and the testator, and that to establish such a relationship between the testator and another an administrator de bonis non must be appointed, on whom alone devolves the personal rights of the testator ; but it may be a question of some nicety always to distinguish between those things which have been administered by the executor and those which survive to the administrator de bonis non, in the solution of which a resort to principles becomes necessary.
On the death of the testator, and even before probate, his personal estate is vested in the executor, although he may never have reduced it to possession : so that he may maintain trover or trespass for any part of it against him who has taken possession of them before probate ( Com. Dig. Tit. Ad- *373 •¡ninisiratíon. He may sell and dispose of the goods of his testator, or barter, exchange, or give them away, and, in fines; his dominion oyer them, is in law as absolute as overhis own goods, and I apprehend any- disposition by the executor of that which was the testator’s, although it be the mere substitution of one thing for another, is, so far, an administration of the effects ofhis testator. The liability of the executor is not measured by the value of what he may have in his possession, as the representative of that which was his testators; -the -law, therefore, properly regards the substitute or representative as his own and charges him with that which was the testators. The bond on which this action is brought nevér was the property of the testator of tlri plaintiff’s intestate; at best it is only the representative of wbat might have been his, but has been disposed of by his executor, which, according to the .principle, has been administered, so that nothing would survive to an administrator de bonis non, if such a person' was claiming. ■
This view of the subject is strengthened by another consideration. A court of law, for want of jurisdiction over the subject, cannot know that the executor has not fully administered all the assets of the testator and accounted' with those entitled to the last cent; and in that case, although he anight have retained possession, of that which had been his testator’s, yet when he had discharged all the obligations which that relationship imposed, his representative rights would be merged in his personal rights.
Independent of this principle, however; there is ano•> ther on which this action may be sustained.' The law in its great liberality permits persons to make the law of their own ■contracts, provided it imposes nothing contrary to positiveiri-junctions, or oflensive to morality. This bond is in' the usual form, and is an undertakiug to pay to the plaintiff’s intestate as executor oí Rents, £i his heirs, executors, administrators and assigns,” the sum mentioned in it. it is a part, therefore, of the law of the contract that the defendant will pay to the ad *374 ministrator of plaintiff’s intestate, which the defendant has broken; consequently the plaintiff is entitled to his action..
Clarke, for the motion.
Ford-h DcSaussiire, contra.
'Motion refused.